ALEX SAYERS *v.* STONER & ROBY.

**Damages Caused by Negligence.**

Where a fact in issue depends for its establishment upon the opinions of witnesses, its decision by the jury will not be disturbed by the court.

**Damages Too Low.**

When in a suit for damages against one for negligently operating a a threshing machine so that fire escaped from the machinery and destroyed plaintiff's grain, and the quantity of the grain destroyed is not proven by measurement or the actual knowledge of witnesses, but by their opinions of the quantity of grain the destroyed ricks would yield, the jury have the right to test the accuracy of the testimony by their own intelligence on such matters, and having arrived at a verdict it will not be set aside because claimed to be for too small amount of damages.

APPEAL FROM NELSON CIRCUIT COURT.

October 20, 1879.

OPINION BY JUDGE HARGIS:

While the appellees were threshing oats for appellant the ricks caught fire from the sparks emitted from the smoke pipe of the engine attached to the thresher and were consumed. The appellant

instituted his suit for $500 damages against them, charging that appellees were guilty of negligence. The jury, under the instructions of the court, returned a verdict for $50 damages, and appellant has brought this appeal to reverse the judgment on that verdict on the ground that the assessment was too small.

The appellees insist that there should have been no verdict for any sum against them, and that therefore the judgment should not be disturbed. The record shows that the testimony of several witnesses was erroneously admitted at the instance of the appellant, and against the objections of appellees, tending to prove that they had been guilty of negligence in threshing the grain of other persons on different occasions.

Besides this, the court, on appellant's motion, erroneously instructed the jury that if appellees were guilty of negligence, without qualifying its degree, in the construction or management of their steam engine or thresher, they should find for plaintiff. And it may be that the jury would not have found for appellant at all but for the influence of the cited errors committed by the court in his favor. Yet, if the jury were not so influenced in making up their verdict can it be disturbed on the ground that it was too small?

The general rule is that where a fact in issue depends, for its establishment, upon the opinions of witnesses, its decision by the jury ought not to be disturbed by the court. *Salmons v. Webb*, 12 B. Mon. 365. Here the quantity of oats destroyed by the fire was not proven by measurement, nor the actual knowledge of the witnesses, but by their opinions of the quantity the ricks would yield. The value of the oats was sought to be established by proof of their market-price per bushel. The jury, in making up their verdict as to the value or quantity in such cases, have a right to test the accuracy of the testimony, to some extent at least, by their own intelligence on such matters. For instance, if the witnesses had each sworn that the ricks of oats thirty-two feet long each contained five thousand bushels the jury would have had the right to reject the estimate and make a verdict upon their own general knowledge of such things. It is true the jury have no right to substitute their general knowledge of common things for the non-conflicting opinions of witnesses on subjects about which the opinion of witnesses can be legally taken, but in order to set aside a verdict wholly or partially against the opinions of witnesses the verdict must violate the evidence and

all reasonable calculations which might be deduced from it. *Palmateer v. Stout's Adm'r*, 5 J. J. Marsh. 51.

Judgment *affirmed*.

*Muir & Wickliffe, for appellant. Wm. Johnson, for appellees.*